| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Henry J. Josefsberg, Esq., SBN 136772<br>4050 Katella Avenue, Suite 205<br>Los Alamitos, California 90720<br>(562) 342-9401 (phone)<br>(562) 342-9403 (telecopier)<br>Henryjjesq@Gmail.com | |
| ☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Creditor Ana Bidoglio | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br><br>LF RUNOFF 2, fka PLUTOS SAMA, LLC | CASE NO.: 8:19-bk-10526-TA |
|---|---|
| | CHAPTER: 11 |
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (ACTION IN NONBANKRUPTCY FORUM)** |
| Debtor(s). | DATE: 03/27/2019<br>TIME: 10:00 am<br>COURTROOM: 5B |

**Movant**: Creditor Ana Bidoglio

1. **Hearing Location:**
   - ☐ 255 East Temple Street, Los Angeles, CA 90012
   - ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367
   - ☐ 3420 Twelfth Street, Riverside, CA 92501
   - ☒ 411 West Fourth Street, Santa Ana, CA 92701
   - ☐ 1415 State Street, Santa Barbara, CA 93101

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*　　　　　　　Page 1　　　　　　**F 4001-1.RFS.NONBK.MOTION**

4. When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5. If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6. ☒ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d). If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7. ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b). If you wish to oppose this motion, you must file and serve a response no later than (*date*) _____ and (*time*) _____; and, you may appear at the hearing.

   a. ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

   b. ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

   c. ☐ An application for order setting hearing on shortened notice was filed and remains pending. After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date:  02/25/2019

Henry J. Josefsberg, Esq.
Printed name of law firm (if applicable)

Henry J. Josefsberg
Printed name of individual Movant or attorney for Movant

Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                           Page 2                              F 4001-1.RFS.NONBK.MOTION

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO NONBANKRUPTCY ACTION

1. **In the Nonbankruptcy Action, Movant is:**

   a. ☒ Plaintiff

   b. ☐ Defendant

   c. ☐ Other (*specify*):

2. **The Nonbankruptcy Action:** There is a pending lawsuit or administrative proceeding (Nonbankruptcy Action) involving the Debtor or the Debtor's bankruptcy estate:

   a. *Name of Nonbankruptcy Action*: Ana Bidoglio v. Plutos Sama, LLC, et alia

   b. *Docket number*: 30-2017-00943907

   c. *Nonbankruptcy forum where Nonbankruptcy Action is pending*:
   Orange County Superior Court, Central Justice Center, Dept. C-10

   d. Causes of action or claims for relief (Claims):
   Disability Discrimination; Harassment; Gender Discrimination; Failure to Remit Taxes; Overtime and Break premium pay; Failure to Reimburse Expenses;Conversion; Penalties; Retaliation; Wrongful Termination; Unfair

3. **Bankruptcy Case History:**

   a. ☒ A voluntary ☐ An involuntary  petition under chapter  ☐ 7 ☒ 11 ☐ 12 ☐ 13
   was filed on (*date*) _02/15/2019_ .

   b. ☐ An order to convert this case to chapter  ☐ 7 ☐ 11☐ 12 ☐ 13
   was entered on (*date*) _____.

   c. ☐ A plan was confirmed on (*date*) _____.

4. **Grounds for Relief from Stay:** Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay to proceed with the Nonbankruptcy Action to final judgment in the nonbankruptcy forum for the following reasons:

   a. ☐ Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor or property of the Debtor's bankruptcy estate.

   b. ☐ Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   c. ☐ Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   d. ☐ The Claims are nondischargeable in nature and can be most expeditiously resolved in the nonbankruptcy forum.

   e. ☒ The Claims arise under nonbankruptcy law and can be most expeditiously resolved in the nonbankruptcy forum.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                      Page 3                          F 4001-1.RFS.NONBK.MOTION

f. ☐ The bankruptcy case was filed in bad faith.

    (1) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

    (2) ☐ The timing of the filing of the bankruptcy petition indicates that it was intended to delay or interfere with the Nonbankruptcy Action.

    (3) ☐ Multiple bankruptcy cases affect the Nonbankruptcy Action.

    (4) ☐ The Debtor filed only a few case commencement documents. No schedules or statement of financial affairs (or chapter 13 plan, if appropriate) has been filed.

g. ☒ Other (*specify*):
    Debtor appears to have a NonDisclosure Agreement with a third party witness. Movant seeks leave to file a motion in State Court to resolve the range and validity of that Agreement.

5. **Grounds for Annulment of Stay.** Movant took postpetition actions against the Debtor.

a. ☐ The actions were taken before Movant knew that the bankruptcy case had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b. ☐ Although Movant knew the bankruptcy case was filed, Movant previously obtained relief from stay to proceed in the Nonbankruptcy Action in prior bankruptcy cases affecting the Nonbankruptcy Action as set forth in Exhibit. _____.

c. ☐ Other (*specify*):

6. **Evidence in Support of Motion: (*Important Note: declaration(s) in support of the Motion MUST be signed under penalty of perjury and attached to this motion.*)**

a. ☒ The DECLARATION RE ACTION IN NONBANKRUPTCY FORUM on page 6.

b. ☐ Supplemental declaration(s).

c. ☒ The statements made by Debtor under penalty of perjury concerning Movant's claims as set forth in Debtor's case commencement documents. Authenticated copies of the relevant portions of the Debtor's case commencement documents are attached as Exhibit. A____.

d. ☒ Other evidence (*specify*):
    Exhibit B - Deposition Excerpts
    Exhibit C - E-correspondence of counsel

7. ☐ **An optional Memorandum of Points and Authorities is attached to this Motion.**

**Movant requests the following relief:**

1. Relief from the stay pursuant to 11 U.S.C. § 362(d)(1).

2. ☒ Movant may proceed under applicable nonbankruptcy law to enforce its remedies to proceed to final judgment in the nonbankruptcy forum, provided that the stay remains in effect with respect to enforcement of any judgment against the Debtor or property of the Debtor's bankruptcy estate.

3. ☐ The stay is annulled retroactively to the bankruptcy petition date. Any postpetition acts taken by Movant in the Nonbankruptcy Action shall not constitute a violation of the stay.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                    Page 4                 **F 4001-1.RFS.NONBK.MOTION**

4. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified, or annulled as to the co-debtor, on the same terms and condition as to the Debtor.

5. ☐ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

6. ☒ The order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Nonbankruptcy Action.

7. ☒ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be, without further notice

8. ☐ Other relief requested.


Date:  02/25/2019

Henry J. Josefsberg, Esq.
_____
Printed name of law firm (*if applicable*)

Henry J. Josefsberg
_____
Printed name of individual Movant or attorney for Movant


_____
Signature of individual Movant or attorney for Movant

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                                          Page 5                                **F 4001-1.RFS.NONBK.MOTION**

## DECLARATION RE ACTION IN NONBANKRUPTCY FORUM

I, (*name of Declarant*) _Henry J. Josefsberg_____, declare as follows:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding (Nonbankruptcy Action) because:

   ☐ I am the Movant.
   ☒ I am Movant's attorney of record in the Nonbankruptcy Action.
   ☐ I am employed by Movant as (*title and capacity*):
   ☐ Other (*specify*): Disability Discrimination; Harassment; Gender Discrimination; Failure to Remit Taxes; Overtime and
      Break premium pay; Failure to Reimburse Expenses;Conversion; Penalties; Retaliation; Wrongful T

2. I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the Nonbankruptcy Action. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

3. In the Nonbankruptcy Action, Movant is:

   ☒ Plaintiff
   ☐ Defendant
   ☐ Other (*specify*):

4. The Nonbankruptcy Action is pending as:

   a. *Name of Nonbankruptcy Action*: Ana Bidoglio v. Plutos Sama, LLC, et al
   b. *Docket number*: 30-2017-00943907
   c. *Nonbankruptcy court or agency where Nonbankruptcy Action is pending*:
      Orange County Superior Court, Central Justice Center, Dept. C-10

5. **Procedural Status of Nonbankruptcy Action**:

   a. The Claims are:
      Disability Discrimination; Harassment; Gender Discrimination; Failure to Remit Taxes; Overtime and
      Break premium pay; Failure to Reimburse Expenses;Conversion; Penalties; Retaliation; Wrongful
      Termination; Unfair

   b. True and correct copies of the documents filed in the Nonbankruptcy Action are attached as Exhibit _A___.

   c. The Nonbankruptcy Action was filed on (*date*) _09/15/2017_.

   d. Trial or hearing began/is scheduled to begin on (*date*) _07/22/2019_.

   e. The trial or hearing is estimated to require _7___ days (*specify*).

   f. Other plaintiffs in the Nonbankruptcy Action are (*specify*):

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                Page 6                          F 4001-1.RFS.NONBK.MOTION

g.   Other defendants in the Nonbankruptcy Action are (*specify*):

Wilson Keadjian, Browndorf, LLP; Michele Stover; Matthew Browndorf

6.   **Grounds for relief from stay:**

a.   ☐   Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

b.   ☐   Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

c.   ☐   Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor or property of the Debtor's bankruptcy estate.  The insurance carrier and policy number are (*specify*):

d.   ☒   The Nonbankruptcy Action can be tried more expeditiously in the nonbankruptcy forum.

(1)  ☒   It is currently set for trial on (*date*)  07/22/2019  .

(2)  ☐   It is in advanced stages of discovery and Movant believes that it will be set for trial by (*date*) _____.  The basis for this belief is (*specify*):

(3)  ☒   The Nonbankruptcy Action involves non-debtor parties and a single trial in the nonbankruptcy forum is the most efficient use of judicial resources.

e.   ☐   The bankruptcy case was filed in bad faith specifically to delay or interfere with the prosecution of the Nonbankruptcy Action.

(1)  ☐   Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

(2)  ☐   The timing of the filing of the bankruptcy petition indicates it was intended to delay or interfere with the Nonbankruptcy Action based upon the following facts (*specify*):

(3)  ☐   Multiple bankruptcy cases affecting the Property include:

(A) Case name:
Case number:                              Chapter:
Date filed:              Date discharged:         Date dismissed:
Relief from stay regarding this Nonbankruptcy Action  ☐ was  ☐ was not  granted.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                              Page 7                              **F 4001-1.RFS.NONBK.MOTION**

(B) Case name:
Case number:                              Chapter:
Date filed:              Date discharged:              Date dismissed:
Relief from stay regarding this Nonbankruptcy Action  ☐ was  ☐ was not  granted.

(C) Case name:
Case number:                              Chapter:
Date filed:              Date discharged:              Date dismissed:
Relief from stay regarding this Nonbankruptcy Action  ☐ was  ☐ was not  granted.

☐ See attached continuation page for information about other bankruptcy cases affecting the Nonbankruptcy Action.

☐ See attached continuation page for additional facts establishing that this case was filed in bad faith.

f.  ☐ See attached continuation page for other facts justifying relief from stay.

7.  ☐ Actions taken in the Nonbankruptcy Action after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

a.  ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b.  ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with the Nonbankruptcy Action enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____

c.  ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 02/25/2019 | Henry J. Josefsberg | |
|---|---|---|
| Date | Printed name | Signature |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                              Page 8                              F 4001-1.RFS.NONBK.MOTION

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
4050 Katella Avenue, Suite 205; Los Alamitos, California 90720

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (ACTION IN NONBANKRUPTCY FORUM)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
  02/25/2019  , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*)  02/25/2019  , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)  _____ , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 02/25/2019 | Henry J. Josefsberg | |
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## SERVICE LIST

Debtor
LF Runoff 2, LLC fka Plutos Sama, LLC
1900 Main Street
Suite 640
Irvine, CA 92614

Debtor's Counsel
Marc C. Forsythe
GOE & FORSYTHE, LLP
18101 Von Karman Avenue
Suite 1200
Irvine, CA 92612-7127

Frank Cadigan      frank.cadigan@usdoj.gov
Marc C Forsythe     kmurphy@goeforlaw.com, mforsythe@goeforlaw.com;
goeforecf@gmail.com
Brian D Huben     hubenb@ballardspahr.com, carolod@ballardspahr.com
United States Trustee (SA)     ustpregion16.sa.ecf@usdoj.gov
Larry D Webb     Webblaw@gmail.com,
larry@webblaw.onmicrosoft.com;r51666@notify.bestcase.com

20 Largest Creditors

American Express
National Bank
P.O. Box 30384
Salt Lake City, UT
84130

AMEX
P.O. Box 1270
Newark, NJ
07101-1270

Amtrust North America, Inc.
P.O. Box 6939
Cleveland, OH
44101-1939

Baker & KcKenzie LLP
100 New Bridge
Street
London, EC4V 6JA
United Kingdom

Canon Financial Services, Inc.
14904 Collections
Center Drive
Chicago, IL
60693-0149

DOLP 114
Properties II LLC
Patterson Belknap Webb & Tyler LLP
Lawrence P. Lenzner, Esq.
1133 Avenue of the
Americas
New York, NY 10036

Elan Financial Services
Corporate Payment Systems
PO Box 790428
Saint Louis, MO
631 79-0428

Encore Search Partners, LLC
14511 Old Katy Rd.
Suite 200
Houston, TX 77079

Equinox Fitness Clubs, LLC
Attn: Corporate Accounts
P.O. Box 1774
New York, NY
10156-1774

FIRST Insurance Funding
450 Skokie Blvd, Ste
1000
Northbrook, IL
60062-7917

Frank Recruitment Group Inc.
OBA Anderson Frank
PO BOX 10921
Palatine, IL
60055-0921

Gene O'Bryan
22044 Arrowhead Lane
Lake Forest, CA
92630

Jeff Fisher
155 Potomac
Passage, #215
Oxon Hill, MD 20745

KMC Information Systems, L.C.
101 W. Argonne Dr.
Suite 261
Saint Louis, MO
63122

Leading Edge Administrators
14 Wall Street, Suite 5B
New York, NY 10005

M5 Investments LLC
W304S8266 Oak
Ridge Drive
Mukwonago, WI
53149

Mercer Investments Consulting LLC
Dalles National Wholesale
Lockbox TX1 -0029
Attn: Mercer #7301
14800 Frye Road
Fort Worth, TX
76155

Nixon Peabody LLP
100 Summer Street
Boston, MA
02110-2131

Terrace Towers Orange County
121 SW Morrison,
Ste. 250
Portland, OR 97204

Thomson Reuters • West
PO Box 6292
Carol Stream, IL
60197-6292

Honorable Theodor Albert
Ronald Reagan Federal Courthouse
Bankruptcy Court
Suite 5085 / Courtroom 5B
411 W. Fourth Street
Santa Ana, CA
92701

# Exhibit A

Exhibit A

(SPACE BELOW FOR FILING STAMP ONLY)

**HENRY J. JOSEFSBERG, ESQ.**
SBN 136772
**4050 East Katella Avenue**
**Suite 205**
**Los Alamitos, California 90720**
**Telephone No. (562) 342-9401**
**Telecopier No. (562) 342-9403**
Henryjjesq@Gmail.com

Attorney for Plaintiff
ANA L. BIDOGLIO

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**09/15/2017** at 09:35:48 AM
Clerk of the Superior Court
By Dollie Campos, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA, UNLIMITED JURISDICTION

## COUNTY OF ORANGE

|  |  |
|---|---|
| ANA L. BIDOGLIO | Judge Linda Marks |
| Plaintiff, | Case No. 30-2017-00943907-CU-HR-CJC |
| vs. | [Amount in Controversy Exceeds $25,000.00] |
|  | **COMPLAINT FOR DAMAGES** |
| PLUTOS SAMA, LLC; WILSON, KEADJIAN, BROWNDORF, LLP; MICHELE STOVER; MATTHEW BROWNDORF; DOES 1-10, | 1. Disability Discrimination<br>2. Harassment<br>3. Gender Discrimination<br>4. Failure to Remit Taxes<br>5. Overtime and Break Premiums<br>6. Failure to Reimburse Expenses<br>7. Conversion<br>8. Wage Continuation Penalty<br>9. Retaliation<br>10. Failure to Prevent Harassment, etc.<br>11. Wrongful Termination<br>12. Unfair Business Practices |
| Defendants. |  |

Plaintiff ANA L. BIDOGLIO, alleges as follows:

### PARTIES

1.    Plaintiff ANA L. BIDOGLIO, resided, at all times relevant to this matter, in Orange County, California.

2.    Defendant PLUTOS SAMA, LLC is a limited liability company, and at all times relevant to this matter, conducted business in Orange County, California.

3.       Defendant WILSON, KEADJIAN, BROWNDORF, LLP is a partnership, and at all times relevant to this matter, conducted business in Orange County, California.

4.       Defendant MATTHEW BROWNDORF is a principal of both PLUTOS and WKB, and at all times relevant to this matter, conducted business in Orange County, California.

5.       Defendant MICHELE STOVER is an employee of both PLUTOS and WKB, and at all times relevant to this matter, conducted business in Orange County, California.

6.       Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 10 and, therefore, sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes and thereon allege that each of the fictitiously-named Defendants is responsible for the occurrences and injuries to Plaintiff as hereinafter alleged.

7.       Plaintiff is informed and believe and thereon allege that, at all times relevant herein, Defendants, and each of them, were the co-employers, partners, agents, employees, co-conspirators, and alter egos of one another and, in the doing of the things alleged hereinafter alleged, were acting in the course and scope of such agency, employment, or other relationship and with the permission, consent, and ratification of each Co-Defendant.

8.       Plaintiff reserves the right to claim penalties under Labor Code  Sections 2699, *et seq.*, and to seek personal liability of the managers and principals of any Defendant sued herein; and to amend this Complaint as a matter of right.

## **VENUE AND JURISDICTION**

9.       Venue is properly laid in this Court pursuant to California Civil Procedure Code Sections 395(a); 395.5; California Labor Code Sections 98.2; 206(a); 218.5; California Government Code Section 12965(b); <u>Brown v. Superior Court</u>, 37 Cal. 3rd 477 (1984); and the Local Rules of this Court.

10.     This Court has original jurisdiction over this matter because the amount in controversy exceeds the jurisdictional minimum of this Court and because the applicable statutory claims under which Plaintiff alleges claims for relief invest this Court with jurisdiction.

11.     Plaintiff has exhausted any necessary administrative remedies to file Causes of Action against all Defendants. Cal.Lab. Code §§ 558; 2699(h); 2699.3; Cal.Govt Code § 12965. See attached.

12.     Plaintiff is informed and believes that BROWNDORF and STOVER acted on behalf of Defendants in making decisions regarding Plaintiff's as to the matters alleged herein.

## BIDOGLIO'S EMPLOYMENT

13.     In a written offer of employment on WKB letterhead, dated December 22, 2015, it and what it termed "its affiliate law firm BP Fisher Law Group, LLP (collectively, the 'Firm')" provided employment to Plaintiff as Legal Recruiter, with a start date of January 4, 2016.

14.     Compensation for this employment was:

      a.     Annual salary of $75,000;

      b.     1% commission on accepted book of business with "[t]he first $15,000 of commission will be credited towards annual salary";

      c.     Benefits package;

      d.     Paid time off in accordance with company policy

15.     Initially Plaintiff's payroll was issued by PLUTOS' direct deposit payroll account administered by non-party ADP and reported as having worked 86.67 hours to a gross pay per period of $3,125.

16.     Several months later, when Defendants apparently ceased using ADP, Plaintiff was paid on a PLUTOS administrative account and reported as having worked or having had PTO for the same amount and same gross pay as before.

17.     Among Plaintiff's job duties was the recruitment and on-going maintenance of interns and their work at the Firm.

18.     Defendants' policy was not to pay the interns any wages until they had been with the Firm for 90-days.

19.     Defendants did not provide legitimate internship programs, insisting that the interns perform low-level clerical jobs, menial duties, or jobs that inured primarily to the benefit of the Firm.

20.     Nor did the Firm commence payment of wages to interns at the end of the 90-day period.

21.    Plaintiff reported deficiencies with the intern program and payments to the Firm.

22.    During the course of her employment, Plaintiff sought to develop recruitment opportunities and programs for entry-level, mid-level, and experienced attorneys.

23.    Without Plaintiff's participation the Firm also sought out and hired experienced attorneys and at least two law firms to hire and thereby circumvented her ability to earn the agreed commissions.

24.    Defendants undermined Plaintiff's efforts to seek out candidates almost immediately after her hire as Legal Recruiter, including, *inter alia*., by circumventing Plaintiff's efforts, refusing her a budget or other resources to perform her job, and denying her office space, and the ability to engage in ordinary functions of a recruiter.

25.    Plaintiff informed the Firm that PLUTOS's ownership in WKB was a significant problem that at a minimum gave the appearance of a violation of the California Rules of Professional Conduct, but also involved non-Members of the Bar inappropriate authority over Firm representation of clients.

26.    BROWNDORF did not appear to recognize the nature of the problem of a non-attorney entity owning a law firm and Plaintiff is informed and believes that PLUTOS still has an ownership interest in WKB and other law firms that provide services to the public.

27.    After Plaintiff requested workplace accommodations for disabilities, the Controller, STOVER, resisted the accommodations and commenced a campaign of harassment against her.

28.    Defendants provided inadequate workplace accommodations for her disability.

29.    STOVER's harassment quickly included gender-related comments and escalated into needlessly hostile tones of voice and yelling.

30.    Plaintiff is informed and believes that STOVER behaved in a similar manner against other female employees, against other disabled employees, and against persons associated with Plaintiff.

31.    Plaintiff is informed and believes that other employees resigned because of STOVER's mistreatment of them.

32.    Plaintiff complained repeatedly to her immediate supervisor and to BROWNDORF,

each of which failed or refused to take steps to stop STOVER's harassment.

33.    Indeed, BROWNDORF met Plaintiff's complaints with overtly sexist comments and instructed her that she was to live with the problem.

34.    Plaintiff was required by Defendants to use her personal cell phone, laptop computer, internet service, and pay for other items for Defendants benefit without reimbursement.

35.    By April 2016 Defendants added to Plaintiff's job responsibilities but with no additonal compensation. The new responsibilities interfered with her ability to earn commissions on recruitment.

36.    A serious increase in STOVER's harassment of Plaintiff coincided with this increase in job duties.

37.    Plaintiff complained about having to bear employer expenses and was informed that was part of her job; STOVER took it upon herself to refuse to issue a Firm credit card to Plaintiff.

38.    On September 26, 2016 Plaintiff met with a Firm executive who sought the assistance of legal externs on non-legal matters.

39.    Later on September 26, 2016 Plaintiff met with her immediate supervisor and the VP ostensibly for on-going business concerns, but the supervisor and CFO had checks ready for Plaintiff's final pay and some of her expenses, and informed her that she was being laid off. The supervisor also required that Plaintiff access her personal phone to wipe the Firm's email account.

40.    The next day, Plaintiff informed her former immediate supervisor that the expense check was inadequate, but the Firm asserted Plaintiff was incorrect.

41.    STOVER then refused to honor post-termination expense reports by Plaintiff.

42.    After her termination, Plaintiff requested that Defendants provide her with a form W-2 of her complete earnings, but Defendants have failed to do so.

43.    Failure of Defendants to provide a proper form W-2 has led to significant difficulties in filing income tax forms and properly accounting for withholdings.

44.    On or about January 21, 2017 Plaintiff requested in writing that Defendants preserve all documents concerning Plaintiff, her employment and her termination.

45.    Defendants BROWNDORF and DOES 1-5 are alter egos of PLUTOS and WKB, see Reynolds v. Bement, 36 Cal.4th 1075, 1089 (2005) (alter ego liability for wage claims), in that they:

a.      Operated the entity with insufficient capital;

b.      Failed to meet obligations–including obligations to BIDOGLIO–when due;

c.      Failed to maintain corporate separateness;

d.      Failed to observe corporate formalities;

e.      Treated corporate assets as personal or family assets;

f.      Treated the corporation as a mere conduit or shell for personal purposes;

g.      Purchased items ostensibly for Firm use, but that were for personal use; and

h.      Injustice would result with strict adherence to the doctrine of separate corporate existence.


**FIRST CAUSE OF ACTION**

[Disability Discrimination]

[Defendants PLUTOS, WKB, BROWNDORF, and DOES]

46.      Plaintiff incorporates herein by this reference the allegations contained in Paragraphs 1 through 45.

47.      Plaintiff was employed by Defendants PLUTOS and WKB, and DOES.

48.      BROWNDORF is an owner and manager of PLUTOS and WKB, and is their alter ego.

49.      Working at her desk caused wrist and arm pain that unduly interfered with Plaintiff's ability to work at her desk or perform other activities.

50.      Plaintiff requested that Defendants provide her with an ergonomic chair to relieve pain in her wrists and arms, a disability, and, in so doing, demonstrated her willingness to participate in an interactive process to determine whether reasonable accommodation could be made so that she would be able to perform the essential functions of her job.

51.      Plaintiff reasonably believed that an ergonomic chair would sufficiently alleviate the wrist and arm pain to be able to perform the essential functions of her job.

52.      Defendants suggested that Plaintiff look around the premises for an acceptable chair, but she found none.

53.      STOVER, acting on behalf of Defendants, informed Plaintiff that a different chair was

not needed because other employees did not need such chairs.

54.    Defendants' discussions about this with Plaintiff did not amount to good faith involvement in the interactive process.

55.    Rather than provide a chair, Defendants repeatedly denied a back rest, but instead provided a foot rest, which was not effective in resolving Plaintiff's disability.

56.    STOVER made unfounded and inappropriate comparisons of Plaintiff's needs to the needs of other employees.

57.    Defendants' failure to provide an ergonomic chair exacerbated pain, caused excessive pain to her, and interfered with her ability to perform her job.

58.    As a proximate result of the Defendants' discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered injury and damages she would not have suffered if Plaintiff had not been discriminated against by Defendants. As a result of such discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof.

59.    As a further proximate result of Defendants' discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered the intangible loss of such employment-related opportunities such as further experience and training in the position.  As a result of such discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof.  Further, Plaintiff will continue to suffer these damages to an indefinite date in the future.

60.    As a further proximate result of Defendants' discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental anguish, and emotional and physical distress, loss of the enjoyment of life, injury to her dignity, and has been injured in mind and body.  As a result of such discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof.  Further, Plaintiff will continue to suffer these damages to an indefinite date in the future.

61.    The above-recited actions of Defendants were done with malice, fraud, or oppression, and in reckless disregard of Plaintiff's rights under the Labor Code and within the meaning of

California Civil Code §3294. These acts were done on behalf of Defendants by managing agents or by employees about whom Defendants were aware were unfit for service, or about whose actions Defendants ratified. Accordingly, Plaintiff is entitled to an award of money by way of making an example of Defendants and as punitive damages.

## SECOND CAUSE OF ACTION

[Harassment]

[All Defendants]

62.     Plaintiff incorporates herein by this reference the allegations contained in Paragraphs 1 through 61.

63.     STOVER was a managerial/supervisorial employee of PLUTOS and WKB.

64.     BROWNDORF is an owner and manager of PLUTOS and WKB, and is their alter ego.

65.     STOVER engaged in a severe and pervasive campaign of harassment against Plaintiff because of her gender, disability, and because she reported STOVER's misconduct.

66.     STOVER also engaged in harassment of persons employed by Defendants who had working relationships with Plaintiff.

67.     Plaintiff considered STOVER's actions to be objectionable.

68.     This harassment was unwelcome, and Plaintiff so informed STOVER, BROWNDORF, Human Resources, and Defendants' management personnel.

69.     Defendants did not correct the harassment or take any effective steps to correct it.

70.     STOVER's harassment was objectively objectionable in that no reasonable employee in Plaintiff's situation and with her characteristics should have been subjected to it and that any such reasonable employee would have considered his conduct objectionable.

71.     Indeed, Defendants conditioned their continued good will, assignment of projects, and employment in general on Plaintiff's acceptance of STOVER's misconduct.

72.     As a proximate result of the Defendants' discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, out-of-pocket expenses, and additional amounts of money Plaintiff would have received if Plaintiff had

not been discriminated against by Defendants. As a result of such discrimination and consequent harm,

Plaintiff has suffered such damages in an amount according to proof.  Further, Plaintiff will continue

to suffer these damages to an indefinite date in the future.

73.    As a further proximate result of Defendants' discriminatory actions against Plaintiff, as

alleged above, Plaintiff has been harmed in that Plaintiff has suffered the intangible loss of such

employment-related opportunities such as further experience and training in the position.  As a result

of such discrimination and consequent harm, Plaintiff has suffered such damages in an amount

according to proof.  Further, Plaintiff will continue to suffer these damages to an indefinite date in the

future.

74.    As a further proximate result of Defendants' discriminatory actions against Plaintiff, as

alleged above, Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental anguish, and

emotional and physical distress, loss of the enjoyment of life, injury to her dignity, and has been injured

in mind and body.  As a result of such discrimination and consequent harm, Plaintiff has suffered such

damages in an amount according to proof.  Further, Plaintiff will continue to suffer these damages to

an indefinite date in the future.

75.    The above-recited actions of Defendants were done with malice, fraud, or oppression,

and in reckless disregard of Plaintiff's rights under the FEHA, and within the meaning of California

Civil Code §3294. These acts were done on behalf of PLUTOS, WKB, and DOE Defendants by

managing agents such as STOVER and BROWNDORF, or by employees about whom PLUTOS,

WKB, and the DOE Defendants were aware were unfit for service, or about whose actions PLUTOS,

WKB, and the DOE Defendants ratified. Accordingly, Plaintiff is entitled to an award of money by way

of making an example of Defendants and as punitive damages.

## THIRD CAUSE OF ACTION

[Gender Discrimination]

[PLUTOS, WKB, BROWNDORF, and DOE  Defendants]

[Cal. Gov. Code §12940]

76.    Plaintiff incorporates herein by this reference the allegations contained in Paragraphs

1 through 75.

77.     BROWNDORF is an owner and manager of PLUTOS and WKB, and is their alter ego.

78.     Defendant's harassing and discriminatory actions against Plaintiff, as alleged above, constituted unlawful discrimination in employment on account of gender in violation of California Government Code §12940.

79.     In response to Plaintiff's claims of harassment and discrimination, BROWNDORF responded with sexist comments.

80.     Defendants engaged in gender discrimination by refusing to end STOVER's harassment; by undermining Plaintiff in her job and with co-employees; and other misconduct.

81.     As a proximate result of the Defendants' discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, out-of-pocket expenses, and additional amounts of money Plaintiff would have received if Plaintiff had not been discriminated against by Defendants. As a result of such discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof. Further, Plaintiff will continue to suffer these damages to an indefinite date in the future.

82.     As a further proximate result of Defendants' discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered the intangible loss of such employment-related opportunities such as further experience and training in the position. As a result of such discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof. Further, Plaintiff will continue to suffer these damages to an indefinite date in the future.

83.     As a further proximate result of Defendants' discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental anguish, and emotional and physical distress, loss of the enjoyment of life, injury to her dignity, and has been injured in mind and body. As a result of such discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof. Further, Plaintiff will continue to suffer these damages to an indefinite date in the future.

84.     The above-recited actions of Defendants were done with malice, fraud, or oppression,

and in reckless disregard of Plaintiff's rights under the FEHA, and within the meaning of California Civil Code §3294. These acts were done on behalf of PLUTOS, WKB, and DOE Defendants by managing agents such as STOVER and BROWNDORF, or by employees about whom PLUTOS, WKB, and the DOE Defendants were aware were unfit for service, or about whose actions PLUTOS, WKB, and the DOE Defendants ratified. Accordingly, Plaintiff is entitled to an award of money by way of making an example of Defendants and as punitive damages.

**FOURTH CAUSE OF ACTION**

[Failure to Remit Taxes]

[All Defendants]

85.     Plaintiff incorporates herein by this reference the allegations contained in Paragraphs 1 through 84.

86.     Defendants was obligated to pay wages to Plaintiff for her employment.

87.     Defendants underpaid Plaintiff.

88.     Plaintiff requested her W-2 for submitting her tax returns. The Firm refused to give her a form W-2 that fully reported her earnings and deductions. See Cal.Lab. Code § 225.5.

89.     Plaintiff is informed and believes that Defendants withheld tax, SSI, SDI, and other funds from Plaintiff's paycheck, but, also on information and belief, has not forwarded those withheld funds to government agencies. See Cal.Lab. Code § 227.

90.     Each Defendant is personally liable for these wages. See Cal.Lab. Code § 558.

91.     Plaintiff is entitled to recovery of reasonable attorney fees and costs expended in enforcing her rights to unpaid wages, see Cal.Lab. Code § 218.5; along with interest at the rate of 10%. See Cal.Lab. Code § 218.6.

**FIFTH CAUSE OF ACTION**

[Premium Pay for Overtime Work and Untaken Breaks]

[All Defendants]

92.     Plaintiff incorporates herein by this reference the allegations contained in Paragraphs

1 through 91.

93.     During the time that Plaintiff was were employed by Defendants, she was, at times, improperly paid on a salary basis.

94.     Plaintiff is also entitled to payment for PTO days worked on February 19, March 7, April 6, April 7, July 28, August 5, and September 13, 2016, at the hourly rate of $36.08 for a minimum of $2,020.48. See Cal.Lab. Code § 227.3.

95.     Plaintiff is also entitled to overtime and break premium pay for pay periods that the Firm docked Plaintiff's wages. All such pay periods may not be paid on a salary basis. See Cal.Lab. Code § 515(a) (salary basis); 8 Cal.Code Regs. § 11040(1)(A)(3)(d&e).

96.     Plaintiff is informed and believes that the Firm docked her wages during the pay period including May 17 and September 2. Plaintiff worked overtime during these pay periods of no less than 60 hours each (for a total of $6,494.40 in overtime premium pay), and $721.60 in missed break premium pay. See Cal.Lab. Code §§ 226.7; 510; 512; 1198; 1199.

97.     The managers and owners of Defendants were aware that Plaintiff worked these overtime hours.

98.     Defendants did not maintain any records of Plaintiff's hours worked, but instead simply listed the same hours on each paycheck.

99.     No agreement exists to treat Plaintiff's wage as covering overtime.

100.    At no time did Defendants pay Plaintiff overtime premium wages for the overtime hours she worked.

101.    Accordingly, Plaintiff is entitled to an accounting for her hours or to estimate those hours and payment of premium wages for all overtime hours worked.

102.    Plaintiff is entitled to recovery of reasonable attorney fees and costs expended in enforcing her rights to unpaid wages, see Cal.Lab. Code § 1194; Cal.Civ.Proc. Code § 1021.5, along with interest at the rate of 10%. See Cal.Lab. Code § 218.6.

**SIXTH CAUSE OF ACTION**

[Failure to Reimburse Expenses]

[All Defendants]

103.    Plaintiff incorporates herein by this reference the allegations contained in Paragraphs 1 through 102.

104.    During the time that Plaintiff was were employed by Defendants, she was, at times, required to pay for expenses resulting from Firm operations.

105.    Defendants authorized but then denied Plaintiff a Firm credit card to pay Firm expenses.

106.    Plaintiff was required to use her cell phone, cell phone service, laptop, automobile, and other personal items for the benefit of the Firm, and was either not reimbursed at all or inadequately reimbursed.

107.    The managers and owners of Defendants were aware that Plaintiff incurred these expenses.

108.    Plaintiff repeatedly–both at work and after her termination–requested that the Firm reimburse her.

109.    Defendants, however, refused to provide reimbursement for expenses after the inadequate expense check provided to Plaintiff at the time of termination, and on February 23, 2017 in writing and again verbally on August 3, 2017, a partner of WKB stated that, as a policy, WKB does not reimburse employees for cell phone use, internet use, laptop use, or supplies except as preapproved.

110.    Plaintiff is entitled to recovery of reasonable attorney fees and costs expended in enforcing her rights to unpaid expenses, see Cal.Lab. Code §§ 218.5; 2802; Cal.Civ.Proc. Code § 1021.5, along with interest at the rate of 10%. See Cal.Lab. Code § 218.6.


**SEVENTH CAUSE OF ACTION**

[Conversion]

[All Defendants]

111.    Plaintiff incorporates herein by this reference the allegations contained in Paragraphs 1 through 110.

112.    Defendants refused to pay expenses and wages as earned by Plaintiff and, despite Plaintiff's requests therefor, have continued to refuse to pay these expenses or wages.

113.    Refusal to pay Plaintiffs' expenses and wages violated California Labor Code Sections 201 (payment of all wages at time of discharge); 203 (failure to pay wages-penalty); 204 (periodic payment of wages); 208 (place of payment); 215 (individual responsibility for payment of wages, etc.); 216(a) (refusal to pay wages); 216(b) (false denial of wages or amount); 221 (kickbacks); 223 (payments at less than contract rate); 226 (itemized statements); 226.6 (liability for violation of Section 226); 500, *et seq*. (Overtime); 558 (liability for payment of wages); 1193.6; 1194 (overtime actions); 2802 (expenses).

114.    These refusals to pay wages amounts to wage theft and conversion of property belonging to Plaintiff. See Otworth v. Southern Pacific Transp. Co., 166 Cal.App. 3rd 452, 458 (1985); Dept. of Ind. Rels. v. UI Video Stores, 55 Cal.App. 4th 1084, 1095-96 (1997) (conversion damages for unpaid wages).

115.    Failing to pay overtime premium pay also amounts to conversion of property belonging to Plaintiff.

116.    Plaintiff has expended money in attempting to recover the finds that Defendants withdrew from her bank account, in an amount to be determined at the trial of this matter.

117.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages and expenses in an amount in excess of the jurisdiction of this Court.

118.    The above-recited actions of Defendants were done with malice, fraud, or oppression, and in reckless disregard of Plaintiff's rights within the meaning of California Civil Code §3294. These acts were done on behalf of PLUTOS, WKB, and DOE Defendants by managing agents such as STOVER and BROWNDORF, or by employees about whom PLUTOS, WKB, and the DOE Defendants were aware were unfit for service, or about whose actions PLUTOS, WKB, and the DOE Defendants ratified. Accordingly, Plaintiff is entitled to an award of money by way of making an example of Defendants and as punitive damages.

**EIGHTH CAUSE OF ACTION**

[Labor Code Section 203 Wage Penalties]

[Defendants PLUTOS, WKB, BROWNDORF]

119.    Plaintiff incorporates herein by this reference the allegations contained in Paragraphs 1 through 118.

120.    Defendants failed to pay all wages due to Plaintiff at the end of her employment.

121.    Plaintiff's daily rate is based on her base wage plus commissions in an amount to be determined at the trial of this matter.

122.    Defendants, therefore, are liable to Plaintiff for a thirty day wage continuation as a penalty. <u>See</u> Cal.Lab. Code § 203.

**NINTH CAUSE OF ACTION**

[Retaliation in Violation of FEHA, FLSA, and Labor Code]

[PLUTOS, WKB, BROWNDORF, and DOE  Defendants]

123.    Plaintiff incorporates herein by this reference the allegations contained in Paragraphs 1 through 122.

124.    As described above, Plaintiff complained about and protested various actions and inactions by Defendants and others that Plaintiff reasonably believed were in violation of the Fair Employment & Housing Act; the Fair Labor Standards Act; and the California Labor Code.

125.    Defendants retaliated against Plaintiff by subjecting her to adverse job actions such as continued harassment, disadvantageous work assignments, false or trivial accusations, increased job duties, preventing her from achieving commissions, termination, and other actions.

126.    Plaintiff complained about these adverse job actions in an effort to have Defendants cease this misconduct, giving them a reasonable time and opportunity to cure this misconduct.

127.    Instead, Defendants knowingly escalated the harassment, discrimination, and retaliation against Plaintiff.

128.    Ultimately, Defendants terminated Plaintiff's employment, providing pretextural reasons, and admitted on or about February 3, 2017 in a letter prepared by a partner of WKB that

"tensions" arose with STOVER based on Plaintiff's attempts to be repaid for expenses.

129.    As a proximate result of Defendants retaliatory actions against her, Plaintiff has been harmed in that she has suffered the loss of wages, salary, benefits, out-of-pocket expenses, and additional amounts of money she would have received if she had not been retaliated against by Defendants. As a result of such discrimination, retaliation, and consequent harm, Plaintiff has suffered such damages in an amount according to proof.  Further, Plaintiff will continue to suffer these damages to an indefinite date in the future.

130.    As a further proximate result of Defendants' discriminatory and retaliatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that she has suffered the intangible loss of such employment-related opportunities such as further experience and training in the position and possible promotions.  As a result of such discrimination, retaliation, and consequent harm, Plaintiff has suffered such damages in an amount according to proof.  Further, Plaintiff will continue to suffer these damages to an indefinite date in the future.

131.    As a further proximate result of Defendants' discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental anguish, and emotional and physical distress, loss of the enjoyment of life, injury to her dignity, and has been injured in mind and body.  As a result of such discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof.  Further, Plaintiff will continue to suffer these damages to an indefinite date in the future.

132.    The above-recited actions of Defendants were done with malice, fraud, or oppression, and in reckless disregard of Plaintiff's rights under the FEHA, the FLSA, and the California Labor Code, and within the meaning of California Civil Code §3294. These acts were done on behalf of PLUTOS, WKB, and DOE Defendants by managing agents such as STOVER and BROWNDORF, or by employees about whom PLUTOS, WKB, and the DOE Defendants were aware were unfit for service, or about whose actions PLUTOS, WKB, and the DOE Defendants ratified. Accordingly, Plaintiff is entitled to an award of money by way of making an example of Defendants and as punitive damages.

**TENTH CAUSE OF ACTION**

[Failure to Prevent Discrimination, Harassment or Retaliation in Violation of FEHA]

[PLUTOS, WKB, BROWNDORF, and DOE  Defendants]

133.    Plaintiff incorporates herein by this reference the allegations contained in Paragraphs 1 through 132.

134.    Defendants engaged in discriminatory, harassing, and retaliatory conduct against Plaintiff and against other employees of Defendants.

135.    Plaintiff complained about and protested these actions and inactions by Defendants and others that Plaintiff reasonably believed were in violation of FEHA.

136.    FEHA requires that employers take all reasonable steps to prevent discrimination, harassment, and retaliation.

137.    Instead of curing the problems that Plaintiff brought to their attention, Defendants justified their misconduct, informed Plaintiff to bear with the misconduct, and engaged in further harassment, discrimination, and retaliation.

138.    As a proximate result of Defendants' harassing, discriminatory, and retaliatory actions against her, Plaintiff has been harmed in that she has suffered the loss of wages, salary, benefits, out-of-pocket expenses, and additional amounts of money she would have received if she had not been discriminated against by Defendants. As a result of such harassment, discrimination, retaliation, and consequent harm, Plaintiff has suffered such damages in an amount according to proof. Further, Plaintiff will continue to suffer these damages to an indefinite date in the future.

139.    As a further proximate result of Defendants' discriminatory and retaliatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that she has suffered the intangible loss of such employment-related opportunities such as further experience and training in the position, demotion, and possible promotions. As a result of such discrimination, retaliation, and consequent harm, Plaintiff has suffered such damages in an amount according to proof.  Further, Plaintiff will continue to suffer these damages to an indefinite date in the future.

140.    As a further proximate result of Defendants' harassing, discriminatory, and retaliatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered

humiliation, mental anguish, and emotional and physical distress, loss of the enjoyment of life, injury to her dignity, and has been injured in mind and body. As a result of such discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof. Further, Plaintiff will continue to suffer these damages to an indefinite date in the future.

141.    The above-recited actions of Defendants were done with malice, fraud, or oppression, and in reckless disregard of Plaintiff's rights under the FEHA, and within the meaning of California Civil Code §3294. These acts were done on behalf of PLUTOS, WKB, and DOE Defendants by managing agents such as STOVER and BROWNDORF, or by employees about whom PLUTOS, WKB, and the DOE Defendants were aware were unfit for service, or about whose actions PLUTOS, WKB, and the DOE Defendants ratified. Accordingly, Plaintiff is entitled to an award of money by way of making an example of Defendants and as punitive damages.

## ELEVENTH CAUSE OF ACTION

[Wrongful Termination In Violation of Public Policy]

[PLUTOS, WKB, BROWNDORF, and DOE  Defendants]

142.    Plaintiff incorporates herein by this reference the allegations contained in Paragraphs 1 through 141.

143.    Defendants engaged in pervasive harassment, discrimination, and retaliation.

144.    Defendants refused to honor their obligations under the Labor Code to pay Plaintiff her earned wages.

145.    Plaintiff complained about this misconduct in an effort to have Defendants cease this misconduct, giving them a reasonable time and opportunity to cure this misconduct.

146.    Instead, Defendants knowingly escalated the harassment, discrimination, retaliation against Plaintiff, finally terminating her employment.

147.    California Constitution art. 1 § 8; FEHA, California Government Code Sections 12900, *et seq*.; Title VII; Civil Code Sections 51.7, 51.9, 52.1; the FLSA; the California Labor Code, and other laws and implementing regulations embody fundamental, substantial, and well-established public policies of the State of California and the United States against discrimination against, harassment of,

and retaliation against employees; as well as requiring prompt payment of wages. In terminating Plaintiff's employment, Defendants violated these fundamental, substantial, and well-established public policies.

148.    Accordingly, Plaintiff's termination is construed as a wrongful discharge in violation of public policy.

149.    As a proximate result of Defendants' wrongful discharge of Plaintiff in violation of public policy, Plaintiff has been harmed in that she has suffered the loss of wages, salary, benefits, and additional amounts of money Plaintiff would have received if Plaintiff had not been wrongfully discharged by the Defendant. As a result of Plaintiff's wrongful discharge and consequent harm, Plaintiff has suffered such damages in an amount according to proof.  Further, Plaintiff will continue to suffer these damages to an indefinite date in the future.

150.    As a proximate result of Defendants actions against her, Plaintiff has been harmed in that she has suffered the loss of wages, salary, benefits, and additional amounts of money she would have received if she had not been discriminated against by Defendants. As a result of such harm, Plaintiff has suffered such damages in an amount according to proof. Further, Plaintiff will continue to suffer these damages to an indefinite date in the future.

151.    As a further proximate result of Defendants' retaliatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that she has suffered the intangible loss of such employment-related opportunities such as further experience and training in the position and possible promotions. As a result of such discrimination, retaliation, and consequent harm, Plaintiff has suffered such damages in an amount according to proof. Further, Plaintiff will continue to suffer these damages to an indefinite date in the future.

152.    As a further proximate result of Defendants' actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental anguish, and emotional and physical distress, loss of the enjoyment of life, injury to her dignity, and has been injured in mind and body.  As a result of such discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof. Further, Plaintiff will continue to suffer these damages to an indefinite date in the future.

153.    The above-recited actions of Defendants were done with malice, fraud, or oppression, and in reckless disregard of Plaintiff's rights within the meaning of California Civil Code §3294. These acts were done on behalf of PLUTOS, WKB, and DOE Defendants by managing agents such as STOVER and BROWNDORF, or by employees about whom PLUTOS, WKB, and the DOE Defendants were aware were unfit for service, or about whose actions PLUTOS, WKB, and the DOE Defendants ratified. Accordingly, Plaintiff is entitled to an award of money by way of making an example of Defendants and as punitive damages.

## TWELFTH CAUSE OF ACTION

[Unfair Business Practices]

[All Defendants]

154.    Plaintiff incorporates herein by this reference the allegations contained in Paragraphs 1 through 153.

155.    Defendants are liable for Unfair Business Practices in various ways, including the following:

      a.     Refusing to pay wages;

      b.     Circumventing Plaintiff's ability to earn commissions;

      c.     Failure to provide for rest and meal breaks;

      d.     Failure to pay overtime premiums;

      e.     Discriminatory misconduct;

      f.     Wrongfully terminating Plaintiff's employment.

156.    The aforesaid actions of Defendants deceive the public, including those persons who are customers or employees of these Defendants, and constitute unfair business practices in unfairly allowing these Defendants to conduct business without the expenses that a law-abiding employer would encounter.

157.    Plaintiff is informed and believes and thereon alleges that Defendants performed the above-mentioned acts for the purpose of injuring Plaintiffs and unfairly competing in the marketplace.

158.    As a proximate result of the above-described actions of Defendants, Plaintiff has been

1 damaged in an amount according to proof and is similarly entitled to restitution. The exact amount is

2 not known to Plaintiff at this time, and she will move to amend this Complaint to state such amount

3 when the same becomes known to her, or on proof thereof, though Plaintiff believed that it exceeds the

4 jurisdictional minimum of this Court.

5

6         WHEREFORE, Plaintiff requests the following relief:

7       1.    An amount of money to compensate her for damages and injuries in excess of

8           the minimum amount of the jurisdiction of this Court;

9       2.    Liquidated or other statutory damages and penalties;

10       3.    Punitive and exemplary damages;

11       4.    Costs, expenses, and attorney fees necessitated in filing this claim;

12       5.    Interest; and

13       6.    Such other relief as is appropriate.

14

15 DATED: September 15, 2017        HENRY J. JOSEFSBERG, Esq.

16

17        By_____
         HENRY J. JOSEFSBERG
         Attorney for Plaintiff ANA L. BIDOGLIO

18 Z:\Bidoglio\Wilson\Pleading\complaint.1b.wpd

19

20

21

22

23

24

25

26

27

28

1  MARC Y. LAZO, CASB No. 251998
   TYLER R. TRAIN, CASB No. 318998
2  ttrain@wkbllp.com
   WILSON KEADJIAN BROWNDORF LLP
3  1900 Main Street, Suite 600
   Irvine, California 92614
4  Telephone: 888-690-5557
   Facsimile:  949-234-6254
5
6  Attorney for Defendants
   PLUTOS SAMA, LLC; WILSON, KEADJIAN, BROWNDORF, LLP;
   MICHELE STOVER; and MATTHEW BROWNDORF
7

8  MELANIE L. RONEN, CASB No. 222613
   melanie.ronen@kyl.com
9  KATHERINE L. HANDY, CASB No. 311745
   kate.handy@kyl.com
10 KEESAL, YOUNG & LOGAN
   A Professional Corporation
11 400 Oceangate
   Long Beach, California  90802
12 Telephone:    (562) 436-2000
   Facsimile:    (562) 436-7416
13

14 Attorneys for Defendant
   MATTHEW BROWNDORF

15

16                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

               **FOR THE COUNTY OF ORANGE – CENTRAL DISTRICT**
17

18

19 ANA L. BIDOGLIO,                        )  Case No. 30-2017-00943907-CU-HR-CJC
                                           )
20                          Plaintiff,     )  *Action Filed:  September 15, 2017*
                                           )
21              vs.                        )  **DEFENDANTS' ANSWER TO PLAINTIFF'S**
                                           )  **COMPLAINT FOR DAMAGES**
22 PLUTOS SAMA, LLC;                       )
   WILSON, KEADJIAN,                       )  *ASSIGNED FOR ALL PURPOSES TO:*
23 BROWNDORF, LLP;                         )  *Judge Linda S. Marks, Dept. C10*
   MICHELE STOVER;                         )
24 MATTHEW BROWNDORF;                      )
   DOES 1-10,                              )
25                                         )
                            Defendants.    )
26                                         )

27

28

                                    - 1 -

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES.
KYL4851-2626-4941.1

Defendants PLUTOS SAMA, LLC; WILSON, KEADJIAN, BROWNDORF, LLP; MICHELE STOVER; and MATTHEW BROWNDORF (collectively "Defendants") hereby submit their Answer to Complaint for Damages ("Complaint") filed by Plaintiff ANA L. BIDOGLIO ("Plaintiff" or "Bidoglio").

## I.

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure section 431.30, Defendants deny, both generally and specifically, each and every allegation contained in the Complaint, and the causes of action contained therein, and further deny that Plaintiff is entitled to any relief, in any form, by reason of any act or omission by Defendants.  *See* Cal. Civ. Proc. Code § 431.30.

## II.

## AFFIRMATIVE DEFENSES

In addition to Defendants' general denial of the allegations set forth in the Complaint, Defendants assert the following affirmative defenses.  In asserting these affirmative defenses, Defendants are not assuming the burden to establish any fact, proposition or element where the burden is properly imposed on Plaintiff.  Defendants preserve the right to assert additional affirmative defenses based on facts that are revealed as the case progresses.

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

1.      The Complaint, and each and every cause of action therein against Defendants, fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

(At Will Employment)

2.      Plaintiff's employment was at will and could be terminated at any time with or without cause and with or without notice.

///

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES.
KYL4851-2626-4941.1

### THIRD AFFIRMATIVE DEFENSE

(Good Faith)

3.    Defendants allege that any act or omission in this matter was done in good faith.

### FOURTH AFFIRMATIVE DEFENSE

(No Discrimination)

4.    Defendants allege that any act or omission giving rise to Plaintiff's claims was legitimate and not motivated by discriminatory, pre-textual reasons and that Defendants had reasonable grounds for believing that their acts or omissions did not violate any statute, regulation and/or law.

### FIFTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

5.    Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations, including without limitation, California Code of Civil Procedure sections 335.1, 338(a), and 340, California Government Code section 12960 and California Business and Professions Code section 17208.

### SIXTH AFFIRMATIVE DEFENSE

(Exclusivity Provision of Worker's Compensation Laws)

6.    To the extent that the Complaint alleges emotional and/or physical injury, Plaintiff's claims are preempted by the exclusivity provisions of the California workers compensation laws, Labor Code section 3200 *et seq*.

### SEVENTH AFFIRMATIVE DEFENSE

(Failure to Adequately Plead Claim for Penalties Under Labor Code § 201)

7.    Defendants allege that a plaintiff does not sufficiently state a claim for penalties under Section 201 of the California Labor Code where he or she does not allege either the amount of the wages accrued and unpaid at the time of the discharge, the rate of compensation, or the number of working days for which he or she has not been paid. Plaintiff's claims for relief are barred because she has failed to allege the amount of wages accrued and unpaid and the rate of compensation at discharge.

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES.
KYL4851-2626-4941.1

## EIGHTH AFFIRMATIVE DEFENSE

(Labor Code § 203 – No Willful or Intentional Violation)

8.     Defendants allege that Plaintiff is not entitled to any penalty award under Section 203 of the California Labor Code since, at all times relevant and material herein, Defendants did not willfully or intentionally fail to comply with any provisions of the California Labor Code or applicable wage order, but rather acted in good faith and had reasonable grounds for believing that it did not violate the California Labor Code or applicable wage order.

## NINTH AFFIRMATIVE DEFENSE

(Labor Code § 226 – No Intentional Failure)

9.     Defendants allege that, even assuming, *arguendo*, Plaintiff was not provided with a proper itemized statement of wages and deductions, Plaintiff is not entitled to recover damages or penalties because Defendants' alleged failure to comply with California Labor Code section 226(a) was not a "knowing and intentional failure" under California Labor Code section 226(e).

## TENTH AFFIRMATIVE DEFENSE

(Plaintiff Was an Exempt Employee)

10.     Plaintiff's claims for meal and break period violations and overtime and premium wages are barred because she was an exempt employee.

## ELEVENTH AFFIRMATIVE DEFENSE

(Unfair Business Practices Claim Fails)

11.     Plaintiff's Unfair Business Practices claim fails because Plaintiff can neither demonstrate recoverable restitutionary damages (and injunctive relief is not available) nor that Defendants engaged in unfair, unlawful, or fraudulent business practices.

## TWELFTH AFFIRMATIVE DEFENSE

(Plaintiff's Own Conduct)

12.     Plaintiff's own acts and/or failures to act proximately caused the injuries and/or damages alleged in her Complaint.

///

///

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES.

KYL4851-2626-4941.1

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

13.     Plaintiff's claims are barred to the extent she failed and/or refused to exercise reasonable efforts to mitigate her alleged damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

14.     Plaintiff's recovery, if any, must be reduced proportionately to the extent that any damages alleged by Plaintiff are caused and contributed to by Plaintiff's own action or by the actions of third parties.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Laches and/or Estoppel)

15.     Plaintiff delayed inexcusably and unreasonably in the filing of this action, causing prejudice to Defendants, and thus, Plaintiff's claims are barred by the equitable doctrines of laches and/or estoppel.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

16.     Plaintiff's claims are barred by the doctrine of unclean hands and her own bad faith.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

17.     Plaintiff's causes of action brought pursuant to the California Fair Employment and Housing Act are barred by Plaintiff's failure to properly and/or timely exhaust her administrative remedies.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Plaintiff's Misconduct)

18.     Plaintiff's causes of action are barred to the extent that any damage was caused by Plaintiff's own misconduct.

///

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES.

KYL4851-2626-4941.1

1

## NINETEENTH AFFIRMATIVE DEFENSE

2

(After-Acquired Evidence)

3    19.    Plaintiff's claims are barred in whole or in part by the doctrine of after-acquired

4    evidence.

5

## TWENTIETH AFFIRMATIVE DEFENSE

6

(Waiver)

7    20.    Defendant alleges that Plaintiff may have waived and/or released some of the

8    claims.

9

## TWENTY-FIRST AFFIRMATIVE DEFENSE

10

(Failure to Engage in Interactive Process)

11    21.    Defendant alleges that Plaintiff's claims are barred to the extent she failed to

12    engage in good faith in the interactive process and to the extent she failed to take advantage of any

13    preventive or corrective opportunities provided by Defendants or to otherwise avoid any harm or loss.

14

## TWENTY-SECOND AFFIRMATIVE DEFENSE

15

(Damages Violate Due Process and Equal Protection Clauses)

16    22.    Defendants allege that Plaintiff's demand for punitive and/or exemplary

17    damages, if granted, would violate the Due Process and Equal Protection clauses of the Fifth and

18    Fourteenth Amendment to the United States Constitution, and would further violate the excessive

19    fines clause of the Eighth Amendment.

20

## TWENTY-THIRD AFFIRMATIVE DEFENSE

21

(Exercise of Reasonable Care)

22    23.    Defendants allege that liability may not be imposed on them for the acts

23    complained of because Defendants exercised reasonable care to prevent and promptly correct any

24    alleged discrimination.

25

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

26

(Failure to Request Punitive and/or Exemplary Damages)

27    24.    Defendants allege that the Complaint fails to state facts sufficient to support the

28    recovery of punitive or exemplary damages pursuant to California Civil Code section 3294(b).

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES.

KYL4851-2626-4941.1

1                                    **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

2                                           (No Punitive Damages)

3           25.     Defendants state that punitive damages are not recoverable by Plaintiff because

4 Defendants had a policy and procedure in place to prevent discrimination.

5

6                                                **III.**

7                                          **PRAYER**

8           WHEREFORE, Defendants pray for judgment as follows:

9           1.     That Plaintiff takes nothing by way of her Complaint or any purported cause of

10 action therein, and that the Complaint be dismissed in its entirety with prejudice as to Defendants;

11           2.     That Defendants have judgment entered in their favor;

12           3.     That Defendants be awarded its costs of suit including attorneys' fees

13 recoverable under Government Code Section 12965 (b); and

14           4.     For such other and further relief as this Court deems proper.

15

16

17 DATED:  July 12, 2018                                     _____

18                                        MARC Y. LAZO
19                                        TYLER R. TRAIN
                                       WILSON KEADJIAN BROWNDORF LLP
20                                        Attorney for Defendants
                                       PLUTOS SAMA, LLC; WILSON, KEADJIAN,
21                                        BROWNDORF, LLP;  MICHELE STOVER; and
                                       MATTHEW BROWNDORF

22

23                                         _____

24                                         MELANIE L. RONEN
25                                         KATHERINE L. HANDY
                                        KEESAL, YOUNG & LOGAN
26                                         Attorneys for Defendant
                                        MATTHEW BROWNDORF

27

28

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES.
KYL4851-2626-4941.1

Exhibit B

Exhibit B

SUPERIOR COURT OF THE STATE OF CALIFORNIA

UNLIMITED JURISDICTION

COUNTY OF ORANGE

ANA L. BIDOGLIO,                        )
                                        )
                Plaintiff,              )
                                        )
        vs.                             ) Case No.:
                                        ) 30-2017-00943907-
PLUTOS SAMA, LLC; WILSON,               ) CU-HR-CJC
KEADJIAN, BROWNDORF, LLP; MICHELE       )
STOVER; MATTHEW BROWNDORF; DOES         )
1-10,                                   )
                                        )
                Defendants.             )

DEPOSITION OF ALEXANDRA KAPLAN

CONFIDENTIAL

LOS ALAMITOS, CALIFORNIA

FRIDAY, NOVEMBER 16, 2018

Reported by:  Hillary D. Meyer
Job No.:  13633

```
 1            DEPOSITION of ALEXANDRA KAPLAN, taken before

 2     Hillary D. Meyer, CSR No. 13939, a Certified Shorthand

 3     Reporter for the State of California, with principal

 4     office in the County of Los Angeles, commencing on

 5     Friday, November 16, 2018, 9:12 a.m., at 4050 East

 6     Katella Avenue, Suite 205, Los Alamitos, California

 7     90720.

 8

 9

10     APPEARANCES OF COUNSEL:

11

12          For the Plaintiff:

13               LAW OFFICE OF HENRY J. JOSEFSBERG
                 BY:  HENRY J. JOSEFSBERG, ESQ.
14               4050 Katella Avenue
                 Suite 205
15               Los Alamitos, California 90720
                 (562) 342-9401 / (562) 342-9403 fax
16               henryjjesq@gmail.com

17          For the Defendant Wilson Keadjian
            Browndorf, LLP:
18
                 WILSON KEADJIAN BROWNDORF, LLP
19               BY:  BENJAMIN M. CUTCHSHAW, ESQ.
                 1900 Main Street
20               Suite 600
                 Irvine, California 92614
21               (888) 690-5557
                 bcutchshaw@wkbllp.com
22

23

24

25
```

```
 1        APPEARANCES OF COUNSEL (Continued):

 2

 3              For the Defendant Matt Browndorf:

                  KEESAL, YOUNG & LOGAN, PC
 4                BY:  MELANIE L. RONEN, ESQ.
                       KATHERINE L. HANDY, ESQ.
 5                400 Oceangate
                  Long Beach, California 90802
 6                (562) 436-2000
                  melanie.ronen@kyl.com
 7                kate.handy@kyl.com

 8

              Also Present:
 9
                  ANA BIDOGLIO
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                  Friday, November 16, 2018

 2                        9:12 a.m.

 3                          -oOo-

 4                    ALEXANDRA KAPLAN,

 5              called as a witness on behalf of the

 6              Plaintiff, was sworn and testifies as

 7              follows:

 8                       EXAMINATION

 9     BY MR. JOSEFSBERG:

10         Q   Good morning, ma'am.  Could you please state

11     and spell your name for the record?

12         A   Alexandra Kaplan.  A-L-E-X-A-N-D-R-A,

13     K-A-P-L-A-N.

14         Q   You're also known as Alexandra Levin;

15     correct?

16         A   Correct.

17         Q   And if it's all right, we'll refer to you as

18     Alexandra Levin to be consist with the time period

19     that we'll be talking about.

20

21

22         Q

23

24         A

25         Q
```

```
 1

 2

 3

 4        Q

 5

 6        A

 7

 8        Q

 9

10        A

11

12        Q   And what was your role in that recruitment

13    process?

14        A   I was the head of HR, and I was supporting

15    her recruitment on request of the CEO.

16        Q   And who's the CEO?

17        A   Matthew Browndorf.

18        Q   Is that solely for Plutos or was it for

19    other companies, or how did that work?

20        A   It was for all the companies that Plutos

21    Sama encompassed at the time.

22        Q   And --

23        A   So I don't remember all that.  There was

24    Plutos Sama.  There was Wilson, Keadjian, Browndorf,

25    et cetera.
```

```
 1              MR. JOSEFSBERG:  Okay.  I have a document

 2       that I'll like to mark as Exhibit 21.

 3              (Whereupon Plaintiff's Exhibit 21 was

 4              marked for identification.)

 5              MR. CUTCHSHAW:  This marked or not marked?

 6              MR. JOSEFSBERG:  That's...

 7       BY MR. JOSEFSBERG:

 8         Q   Ma'am, you have before you Exhibit 21.  Have

 9       you ever seen this before?  This is a multi-page

10       document from a Plutos Sama website.

11         A   Right.  I haven't seen the document, but

12       I've seen this on the website.

13         Q   Okay.

14         A   Yeah.

15         Q   Does this help you identify which companies

16       you were working for at the time of --

17         A   I was working for, technically, all of them.

18       I was hired -- I was an employee of Plutos Sama, and

19       as a head of HR, I was a head of HR for all companies

20       owned by Plutos Sama.

21         Q   Was there any other HR department, or

22       organization for these companies beyond what you were

23       the head of?

24         A   Not that I know of. Q

25
```

**BIDOGLIO V PLUTOS SAMA**                    1/16/2018                    **ALEXANDRA KAPLAN**

```
 1        Q

 2

 3        A

 4        Q

 5

 6        A

 7

 8        Q

 9                        A   .

10

11        Q

12

13

14

15        A

16

17        Q

18        A

19

20        Q    Okay.   When you left Plutos Sama, did you

21   sign any exit documents?

22        A    I did.

23        Q    Did you bring those with you?

24        A    I do not have the exit documents.

25             Oh, no, I didn't bring that.  I do have an
```

```
1       agreement -- confidential agreement, I do have.  I

2       didn't bring that.

3            Q

4

5

6

7

8

9            A

10           Q

11

12           A

13

14           Q

15

16

17           A

18           Q

19

20           A

21           Q

22

23

24           A

25
```

```
 1

 2

 3

 4

 5

 6

 7

 8

 9

10

11       A

12       Q   Did you have any discussions with Ms. Stover

13   about -- that "Ms. Rowland is assigned as the

14   assistant office manager.  That's her job."

15           Did you have any discussions like that?

16       A   I did.

17       Q   And what did Ms. Stover say to you?

18       A   "I don't care."

19       Q   Did she say that in a friendly manner?

20       A   Not necessarily.

21       Q   And she said it in a very hostile manner,

22   didn't she?

23       A   Yes.

24       Q   And that was not your first hostile

25   encounter with Ms. Stover, was it?
```

**CONFIDENTIAL**
BIDOGLIO V PLUTOS SAMA                    01/16/2019               ALEXANDRA KAPLAN

```
 1        A    That's correct.

 2        Q    When was your first hostile encounter with

 3    Ms. Stover?

 4        A    On my first day of employment.

 5        Q    What happened?

 6        A    Now, is this --

 7             How does this conversation impact my

 8    confidentiality --

 9             MR. CUTCHSHAW:  Can we go off the record?

10             (Off the record from 10:39 a.m. to

11             10:47 a.m.)

12             MR. JOSEFSBERG:  Okay.  Given our time and

13    other issues, confidentiality issues, we have all

14    agreed, counsel and the witness, that we will

15    reconvene on December 15th, say, at 10 o'clock, and

16    by that time there should be discussions between the

17    witness and her former employer over her

18    confidentiality agreement so that we can continue

19    with this deposition and avoid judicial intervention

20    in having to compel responses.

21             Anything else?

22             THE WITNESS:  What time --

23             Can you repeat the time, please?

24             MR. JOSEFSBERG:  10 o'clock, December 15th.

25             THE WITNESS:  How long should I plan for?
```

1           MR. JOSEFSBERG:  All day.

2           THE WITNESS:  I can do that.  All day.

3      Until 5:00?

4           MR. JOSEFSBERG:  Until 5:00.  You know, I'll

5      try to break early.

6           THE WITNESS:  That's fine.

7           MS. RONEN:  You're entitled to, what, seven

8      hours?

9           MR. JOSEFSBERG:  It's an employment case.

10          MS. RONEN:  Correct.

11          MR. JOSEFSBERG:  I'm not limited by it.

12          MS. RONEN:  By the CCP?

13          MR. JOSEFSBERG:  That's right.

14          So are we agreed?

15          THE WITNESS:  I can do 10:00 to 5:00.

16      That's fine.

17          MR. JOSEFSBERG:  And you'll agree to come

18      back here to our office, 10 o'clock, December 15th?

19          THE WITNESS:  I do.

20          MR. CUTCHSHAW:  So stipulated.

21          MS. RONEN:  Agreed.

22          MR. JOSEFSBERG:  Wonderful.

23          (Deposition proceedings concluded at

24          10:49 a.m.)

25                          -o0o-

**\*\*CONFIDENTIAL\*\***

Case 8:19-bk-10526-TA   Doc 18   Filed 02/25/19   Entered 02/25/19 16:26:12   Desc
BIDOGLIO V PLUTOS SAMA   Main Document   1/16/2018   Page 53 of 59   ALEXANDRA KAPLAN

```
1                  DECLARATION UNDER PENALTY OF PERJURY

2

3

4

5            I hereby declare under penalty of perjury

6      that the foregoing is my deposition under oath; that I

7      have read same; and I have made the corrections,

8      additions, or changes to my answers that I deem

9      necessary.

10

11           In witness thereof, I hereby subscribe my

12     name this _____ day of _____, 2018.

13

14

15

16

17                     _____

18                          ALEXANDRA KAPLAN

19

20

21

22

23

24

25
```

**\*\*CONFIDENTIAL\*\***
BIDOGLIO V PLUTOS SAMA                                                    ALEXANDRA KAPLAN

```
 1    COUNTY OF LOS ANGELES   )

 2    STATE OF CALIFORNIA     )

 3

 4          I, Hillary D. Meyer, Certified Shorthand

 5    Reporter in and for the state of California, License

 6    No. 13939, hereby certify that the deponent was by me

 7    first duly sworn and the foregoing testimony was

 8    reported by me and was thereafter transcribed with

 9    computer-aided transcription; that the foregoing is a

10    full, complete, and true record of said proceedings.

11          I further certify that I am not of counsel or

12    attorney for either or any of the parties in the

13    foregoing proceedings and caption named or in any way

14    interested in the outcome of the cause in said

15    caption.

16          The dismantling, unsealing, or unbinding of

17    the original transcript will render the reporter's

18    certificate null and void.

19          In witness whereof, I have hereunto set my

20    hand this day: _____

21

22          _____

23          Hillary D. Meyer, CSR No. 13939

24

25
```

# Exhibit C

Exhibit C

# HENRY J. JOSEFSBERG, ESQ.

4050 East Katella Avenue
Suite 205
Los Alamitos, California  90720
Telephone No. (562) 342-9401
Telecopier No. (562) 342-9403
Henryjjesq@Gmail.com

---

February 5, 2019

**VIA EMAIL**
bcutschshaw@wkbllp.com
No Original to Follow

Benjamin M. Cutchshaw, Esq.
Wilson Keadjian Browndorf, LLP
1900 Main Street, Suite 640
Irvine, CA 92614

Re:   *Bidoglio adv. Plutos Sama, et alia*
Orange County Superior Court Civil No. 30-2017-00943907

Mr. Cutchshaw:

Not having heard any resolution on the A.Levin deposition, I write to meet and confer on a motion to compel that deposition without the objection or interference of the confidentiality agreement to which Ms. Levin and you have adverted.

Please recall that, at the November 16, 2018 deposition session, you requested that we go off the record and, when we resumed, we all agreed to resume the deposition on December 15 at 10 o'clock, because, as I put it, and no one disagreed, "by that time there should be discussions between the witness and her former employer over her confidentiality agreement so that we can continue with this deposition and avoid judicial intervention in having to compel responses." (Levin Depo. 75:2-24.)  Subsequently, I was advised that Ms. Levin retained counsel and, on that representation, we all agreed to postpone the deposition until February 2.

But, as you will recall, after the hearing on January 28, you advised me that the NDA was not a problem, but that Ms. Levin's attorney had not been retained (you also stated that your firm would pay the retainer). I tried to get all concerned to agree to honor the February 2 deposition date, but all concerned refused.

Benjamin M. Cutchshaw, Esq.
February 5, 2019
Page 2

Ms. Levin is concerned about the NDA and her attorney and refused to attend the deposition. That is unacceptable.

Unless we can agree to a deposition date and that the NDA will have no effect on Ms. Levin or her ability to respond to questions posed at her deposition, I will move to compel the deposition, voiding the confidentiality provisions. If you need to retain counsel for Ms. Levin, that undoubtedly is because of your firm's NDA. I urge you to resolve these matters forthwith.

As I trust you are aware, confidentiality agreements are disfavored in the law. The Courts look closely as to what information is sought to be kept confidential and upon which bases. Such agreements that bar disclosure of significant misconduct are frequently held void, some of such agreements are held void as to illegal objects for a contract, and the Courts are empowered to sever the offending clause and bar any restitution for the severed clause where a party seeking to conceal its illegal conduct demands some sort of reimbursement for the voided clause.

That is, it is entirely appropriate for me to seek to invalidate the confidentiality clause, protect any retaliation against Ms. Levin as an objective percipient witness, and proceed with the deposition unhindered by any supposed confidentiality agreement or whatever influence such an agreement may have on Ms. Levin. This deposition has been delayed far too long as it is.

For now, I am bringing this issue up to you alone, because your client has the unique ability to resolve this without the attention of the Court. I look forward to your favorable response and to your agreement to allow this deposition to re-commence forthwith.

I request the favor of a response by Thursday. If you have not, or have not made other arrangements with me, you leave me with no choice other than to seek the assistance of the Court. I trust that will not be necessary.

Very truly yours,


Henry J. Josefsberg

F:\Bidoglio\Wilson\General\Cutchshaw.lt2.wpd

 Gmail

**Henry Josefsberg <henryjjesq@gmail.com>**

---

## Re: Just want to touch base re Plutos Sama bankruptcy
1 message

---

**Henry Josefsberg** <henryjjesq@gmail.com>                     Fri, Feb 22, 2019 at 3:14 PM
To: Benjamin Cutchshaw <bcutchshaw@wkbllp.com>

Benjamin

I tried to call, but was unable to connect either with your landline or cell.

Please advise.

Thanks!

**Henry J. Josefsberg, Esq.**
4050 East Katella Avenue
Suite 205
Los Alamitos, California 90720
(562) 342-9401 (voice)
(562) 342-9403 (fax)

On Thu, Feb 21, 2019 at 10:38 AM Benjamin Cutchshaw <bcutchshaw@wkbllp.com> wrote:

> Henry – I will have to confer with bankruptcy counsel re all parties impacted by the stay. Happy to discuss this
> afternoon or tomorrow.
>
>
> ───────────────────────────
>
>
> **Benjamin M. Cutchshaw**
>
> Wilson Keadjian Browndorf, LLP
>
> T: 949-247-7832 | M: 714-336-1009
>
>
> ───────────────────────────
>
> **From:** Henry Josefsberg <henryjjesq@gmail.com>
> **Sent:** Thursday, February 21, 2019 9:22 AM
> **To:** Benjamin Cutchshaw <bcutchshaw@wkbllp.com>
> **Subject:** Just want to touch base re Plutos Sama bankruptcy
>
>
> ┌─────────────────────────────────────────────────────────────┐
> │ CAUTION: This email originated from outside of the organization. Do not click links or open attachments │
> │ unless you recognize the sender and know the content is safe. │
> └─────────────────────────────────────────────────────────────┘

When would be a good time?

Thanks!

## Henry J. Josefsberg, Esq.

4050 East Katella Avenue

Suite 205

Los Alamitos, California 90720
(562) 342-9401 (voice)
(562) 342-9403 (fax)